[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2005
THOMAS K. KAHN
CLERK

No. 04-13027

D. C. Docket No. 03-01868-CV-S-S

MICHAEL B. PRICE,

Plaintiff-Appellee,

versus

TIME, INC.,
DON YAEGER,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Alabama

(September 16, 2005)

**ON PETITION FOR REHEARING**

Before CARNES and PRYOR, Circuit Judges, and FORRESTER*, District Judge.

CARNES, Circuit Judge:

The opinion we issued in this case requires Price, as a condition for a disclosure order, to depose four women one of whom probably is the confidential source for the article that gave rise to this lawsuit. Price v. Time, Inc., 416 F.3d 1327, 1347 (11th Cir. 2005). In imposing that requirement, we took into account this assurance given to us by counsel for the defendants: if the woman who is the confidential source testified during her deposition that she was not the source, counsel would "do his duty as an officer of the court and inform the district court that the witness' sworn denial was false." Id. That is the commitment counsel made to us during oral argument.

The defendants have filed a petition for rehearing requesting that we delete from our opinion any suggestion that their counsel is obligated to inform the court if the woman whose identity as the confidential source they and he have been protecting falsely denies under oath that she is the source. They take the position that a lawyer has no obligation to inform the court if a witness, other than his own client, has lied under oath. They insist that it is the perfect prerogative of an

* Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

2

officer of the court to stand silently by as the search for truth is led astray by perjury—assuming, of course, that the perjury serves his client's interests.

That is an interesting position. Whatever its merit in general circumstances there may be problems with it in situations involving the search for a confidential source in a libel case, as this case illustrates. Through their counsel defendants have steadfastly refused to divulge their confidential source for the article in question; they have attempted to shield her identity by every legal means; they have insisted that the plaintiff depose the four most likely suspects; and they have argued that deposing those women is a way to get at the truth that is less painful to their interests than requiring that they themselves disclose it. Now they say that if the confidential source lies under oath and obstructs the pathway to the truth that their counsel has urged us to take, he has no duty to remove the obstruction by reporting the lie. We have some problems with that position.

We need not resolve those problems in this case. We asked counsel during oral argument if he would inform the district court should the confidential source falsely deny under oath that she is the source. He assured us he would. We took that assurance into account in reaching our decision. That is enough to hold counsel to his word. Even if lawyers cannot be counted upon to inform the court on all occasions when a witness is perjuring herself, we think courts still have the

3

right to hold lawyers to their word. And counsel for the defendants, to be fair, does not suggest to the contrary.

Instead, counsel says that the commitment we extracted from him at oral argument goes beyond what ethics or law requires and puts him in a difficult spot with his clients. More appealingly, he says that it puts him in a needlessly difficult spot. Holding him to his commitment is unnecessary, he argues, because under our decision if one of the four women admits to being the source his clients will be compelled to confirm that she is, id. at 1347; and if each of the four denies she is, his clients will be compelled to identify the source and thereby disclose her lie, id. In other words, if the confidential source lies under oath about being the source there will be no need for counsel to out her because his clients will be forced to do so. That makes sense to us.

We amend our prior opinion in only this respect: Insofar as our decision is concerned, if the confidential source falsely denies under oath that she is the confidential source, counsel for the defendants has no obligation to report her perjury to the court if his clients' disclosure pursuant to our decision reveals her identity as the source. If for any reason his clients' disclosure does not reveal that the witness lied when she denied being the confidential source, counsel will be obligated to report her perjury to the court. This solution will remove counsel

4

from the difficult situation he is in, unless his clients attempt to defy a court order, and we are confident they will not do that.

Except to the extent that our original opinion, issued on July 15, 2005, in this appeal has been modified, the Petition for Rehearing is DENIED.